UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>JAMES HILL, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 3:24-cv-1110-CAB-SBC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

On June 24, 2024, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court dismissed the action on June 27, 2024 because Petitioner had failed to pay the filing fee or submit request to proceed *in forma pauperis* ("IFP"). ECF No. 2. The Court gave Petitioner until August 16, 2024 to either pay the fee or provide adequate proof of his inability to pay. *See id.* On July 3, 2024, Petitioner filed a Motion to Proceed IFP. ECF No. 3.

**MOTION TO PROCEED IFP**

Petitioner has no funds on account at the California correctional institution in which he is presently confined. *See* ECF No. 3 at 4, 6. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

1

## FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS

The Petition, however, must be dismissed for failure to state a cognizable claim on federal habeas. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Here, while styled as a Petition for Writ of Habeas Corpus, what Petitioner seeks is to have this Court "compel[] [another] federal district judge to give a reasoned exposition basis for its refusal to act" on his habeas petition filed in *Bowell v. Pollard*, Civ. No. 23-cv-1234-LL-VET. *See* ECF No. 1 at 1. First, this Court has no power to order "other Article III judges in this or other districts or circuits to act." *See Sibley v. U.S. Supreme Ct.*, 786 F. Supp. 2d 338, 345 (D.D.C. 2011). In addition, it appears that a decision in Petitioner's habeas case in 23-cv-1234-LL-VET was reached on June 18, 2024 and judgment has been entered. *See Bowell v. Pollard*, Civ. No. 23-cv-1234-LL-VET, ECF No. 86 (S.D. Cal. June 18, 2024) (Order Denying Petition for Writ of Habeas Corpus). Petitioner has already filed a notice of appeal in that case. *See id.*, ECF No. 87. In sum, this Court lacks jurisdiction over the instant petition and therefore it is dismissed.

## CONCLUSION

For the reasons discussed above, the Court **DISMISSES** the Petition. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  July 11, 2024

Hon. Cathy Ann Bencivengo
United States District Judge